IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY B. TILLMAN,

    Petitioner,                   No. 2:11-cv-0816 KJN P

    vs.

BOARD OF PRISON TERMS,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

        "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition," Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994), and the court is required to consider sua sponte whether the named respondents have the power to provide the relief sought in a habeas corpus action.  See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  Petitioner has named the Board of Prison Terms as

1

the respondent in this action.  This is not the proper respondent in this action.  Instead, petitioner must name as respondent the warden of the prison where he is incarcerated.  Accordingly, the instant petition must be dismissed with leave to amend.  See Stanley, 21 F.3d at 360.

In addition, petitioner shall clarify his grounds for relief on the form petition provided by the court.  It appears petitioner is challenging his conviction sustained in 1987, as he lists "incompetent counsel - No I.D. line up was performed" and "attorney failed to call my witnesses" in the grounds for relief section.  (Dkt. No. 1 at 6.)  A challenge to a 1987 conviction would likely be barred by the statute of limitations.  Section 2244(d)(1) of Title 8 of the United States Code provides for a one year statute of limitations period.  Id.

However, petitioner's reference to the "Board of Prison Terms," and his statement that he "has served the sentence imposed and [is] still being detained" (dkt. no. 1 at 2) in violation of his rights, suggests petitioner may be attempting to challenge the denial of parole. Petitioner is cautioned that a recent decision by the United States Supreme Court has limited due process challenges to parole board decisions.  Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (protection afforded by the federal due process clause to California parole decisions consists solely of  the "minimal" procedural requirements, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied.")

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

////

       4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: April 4, 2011

                                               _____
                                             KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

till0816.122