1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY B. TILLMAN,

11              Petitioner,                    No. 2:11-cv-0816 KJN P

12       vs.

13   BOARD OF PRISON TERMS,

14              Respondent.                    <u>ORDER</u>

15   _____/

16              Petitioner is a state prisoner proceeding without counsel with an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed April 5, 2011, the petition

18   was dismissed and petitioner was granted thirty days to file an amended petition.  Petitioner was

19   informed that he must name as respondent the warden of the prison where he is incarcerated, and

20   clarify whether he challenged his 1987 conviction, or whether he challenged a denial of parole.

21              Petitioner filed an amended petition on April 11, 2011.  Petitioner has again

22   named the Board of Prison Terms as a respondent, rather than Rick Hill, Warden of Folsom State

23   Prison.  Petitioner clarified that he challenges a denial of parole, but failed to expressly state

24   which parole decision he is challenging, i.e. what year the parole decision was rendered.  Finally,

25   petitioner has failed to confirm that he has exhausted state court remedies in connection with his

26   claim that a particular denial of parole violated his constitutional rights.

                                               1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In the amended petition, petitioner denied he has filed any petitions, applications, or motions with respect to this judgment in any court, state or federal.  (Dkt. No. 14 at 2.) However, in his original petition, petitioner claimed he challenged the denial of parole in an unidentified "District Court," which was denied in 2009, and that he had a petition or other post-conviction proceeding pending in the District Court for the Northern District of California.  (Dkt. No. 1 at 5.)  In connection to petitioner's reference to a pending action, it is unclear whether petitioner was referring to the instant petition, subsequently transferred to this court, or to a different proceeding.  In ground three of the amended petition, petitioner claims he was denied parole for a period of seven years in 2010.  (Dkt. No. 14 at 5.)  It is unclear whether petitioner is challenging this 2010 denial of parole, or whether petitioner could have exhausted his state court remedies for a 2010 parole denial by early 2011.

Petitioner is advised that he must have presented each of the grounds contained in the amended petition to the California Supreme Court before he may proceed in the instant action.

Accordingly, the amended petition will be dismissed with leave to amend.  In any second amended petition, petitioner shall use the court's form petition and shall include the following:

1.  Petitioner shall name Rick Hill, Warden, Folsom State Prison, as respondent;

2.  Petitioner shall clearly identify the date of the parole decision he challenges;

1    and

2           3.  Petitioner shall inform the court whether he has raised all three grounds

3    contained in the amended petition in the California Supreme Court.

4           If petitioner has a copy of the parole decision he challenges, and/or a copy of the

5    decision from the California Supreme Court addressing his claims, he may append them to his

6    second amended petition.  In order to assist petitioner in addressing the issue of exhaustion, the

7    Clerk of the Court is directed to send petitioner a copy of the original petition.  (Dkt. No. 1.)

8           In accordance with the above, IT IS HEREBY ORDERED that:

9           1.  Petitioner's amended application for writ of habeas corpus is dismissed with

10   leave to file a second amended petition within thirty days from the date of this order;

11          2.  The second amended petition must be filed on the form employed by this court,

12   must bear the case number assigned to this action and must bear the title "Second Amended

13   Petition";

14          3.  In the second amended petition, petitioner shall (a) name Rick Hill, Warden,

15   Folsom State Prison, as respondent; (b) clearly identify the date of the parole decision he

16   challenges; and (c) inform the court whether he has raised all three grounds contained in the

17   amended petition in the California Supreme Court; and

18          4.  The Clerk of the Court is directed to send petitioner the court's form for

19   application for writ of habeas corpus, and a copy of petitioner's original petition (dkt. no. 1).

20   DATED:  April 15, 2011

21

22                                    _____
                                      KENDALL J. NEWMAN
23                                    UNITED STATES MAGISTRATE JUDGE

24   till0816.114

25

26

                                         3